[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On January 22, 1992, the petitioner Hector Gonzalez filed this petition for writ of habeas corpus alleging that he was denied the effective assistance of counsel in his criminal trial in violation of his constitutional rights pursuant to the sixth
and fourteenth amendments to the United States constitution and article firs., § 8 of the Connecticut constitution. On December 19, 1997, the petitioner filed a third amended petition alleging, in addition to the ineffective assistance count, newly discovered evidence that supports a factual innocence claim.
On November 1, 1985, the petitioner was convicted of one count of capital felony murder and one count of attempted murder. On January 10, 1986, the petitioner was sentenced by the court,Nigro, J., to a total effective sentence of seventy years. The petitioner is presently in the custody of the respondent commissioner of correction.
The underlying facts of the criminal trial are set forth in the Supreme Court's opinion in State v. Gonzalez, 206 Conn. 213,537 A.2d 460 (1988), and will not be repeated here.
The petitioner's right to the effective assistance of counsel is assured by the sixth and fourteenth amendments to the United States constitution and by article first, § 8, of the CT Page 9291 Connecticut constitution. Copas v. Commissioner, 234 Conn. 139,153, 662 A.2d 718 (1994). The Connecticut Supreme Court has adopted the two-pronged test articulated in Strickland v.Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984) to evaluate claims of ineffective assistance of counsel.Copas v. Commissioner, supra, 154. In order for the petitioner to succeed in his claim that he was denied effective assistance of counsel in the criminal proceedings, he has the burden of proving both that his trial counsel's performance was deficient and the he was actually prejudiced by his counsel's deficient performance. Strickland v. Washington, supra, 687; Iovieno v.Commissioner of Correction, 242 Conn. 689, 703, 699 A.2d 1003
(1997); Bunkley v. Commissioner of Correction, 222 Conn. 444,445, 610 A.2d 598 (1992).
The petitioner first alleges that trial counsel did not ensure that the petitioner fully and adequately waived his right to testify at his trial, failed to investigate adequately the case, failed to challenge an in-court identification and presented confusing testimony concerning the psychological state of mind of the petitioner. The petitioner also raised a second claim in a count alleging factual innocence. At the habeas hearing, the petitioner neither presented any evidence nor briefed the claim of factual innocence, the in-court identification issue or the psychological issues. Therefore, the court finds the petitioner has failed to satisfy his burden of proof with respect to these issues.
The claim that the petitioner did not knowingly waive his right to testify at trial is, absent a waiver on the record after a canvass by the trial court, usually a question of the credibility of the petitioner and trial counsel. The final decision is usually made just prior to the defense resting its case and occurs when only the petitioner and counsel are present. Trial counsel was a seasoned attorney. He had been admitted to the bar in 1977 and, at the time of his representation of the petitioner, had tried approximately ten felony trials in Part A of the Superior Court. Trial counsel testified that throughout the criminal proceeding he had conversations with the petitioner about whether the petitioner should take the stand. While trial counsel advised the petitioner that he felt it was not in the petitioner's best interest to testify, he stated that he left the final decision up to the petitioner. Trial counsel also testified that the petitioner agreed with the advice not to testify. Trial counsel's testimony at the habeas hearing was credible and CT Page 9292 direct. The court has no reason to disbelieve trial counsel's testimony, particularly in light of the contradictory statements made by the petitioner at the habeas hearing. Therefore, the court finds that the petitioner has failed to sustain his burden of proof that trial counsel's performance was deficient under the previously set forth standards.
The petitioner next alleges that trial counsel failed to investigate the facts surrounding the crime thus denying the petitioner the effective assistance of counsel. Specifically, the petitioner alleges that trial counsel failed to locate a key witness, Jose Rivera, whom the petitioner claims was the actual shooter of the victims. Trial counsel hired investigators to aid him in the development of the defense. Trial counsel testified that the investigators sought out Rivera in vain. He also testified that the first time he heard the petitioner claim that Rivera had confessed to being the shooter was at the habeas hearing. Additionally, trial counsel testified that the first time that he heard the petitioner admit to shooting one of the witnesses was also at the habeas hearing. Further, trial counsel testified that the petitioner changed his version of the facts in several meetings they had during the pretrial stage. The petitioner also gave conflicting statements to the police. The petitioner, even taking into account the difficulties he has with the English language, is totally lacking in credibility. His testimony was inconsistent and at times contradictory. There was no credible evidence presented during the habeas hearing to demonstrate a lack of investigation by trial counsel of the whereabouts of Rivera or any other potential witness. In fact, it is likely that if Rivera's whereabouts had been known at the time of trial he may very well have been called as a witness for the state as he had previously given a statement to the police inculpating the petitioner. The petitioner has failed in his burden to show deficient performance on the part of trial counsel in the investigation of the facts underlying the criminal charges.
For all of the reasons set forth above, the petition is dismissed.
Zarella, J.